IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cr-40043-001-JPG |
| | ) | |
| MICHAEL G. YANKEY, | ) | |
| Reg. No. 09668-025 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Michael G. Yankey's *Pro Se* Motion (Doc. 43) to Reduce Sentence and Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 47). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant Michael G. Yankey was eligible for application of the 2014 retroactive guideline amendment.

Defendant pled guilty to one count of conspiracy to manufacture methamphetamine. At sentencing on March 21, 2013, the Court found by a preponderance of the evidence that Defendant's relevant conduct yielded a base offense level of 32 reduced by three levels pursuant to USSG § 3E1.1(a) and (b) for acceptance of responsibility for a total offense level of 29 where the guideline imprisonment range is 151 to 188. Based on mitigating factors, the Court imposed a below guideline sentence of 115 months. (Doc. 34).

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant received a downward departure at sentencing. Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Defendant filed a response (Doc. 49) to the Motion to Withdrawn stating that his guideline range at sentencing was incorrect and that he should not be penalized for the error. The Defendant also states "… that the plea agreement was made for a guideline range of 92 – 115

month. . ." However, there is no record of a plea agreement in this matter and this is not the proper forum for the defendant to challenge his sentence. The Government also filed a response (Doc. 50) concurring with reasoning set forth in Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw.

Based on the above, Defendant Michael G. Yankey's *Pro Se* Motion (Doc. 43) to Reduce Sentence is **DENIED** and Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 47) is **GRANTED**. The Clerk of Court is **DIRECTED** to send a copy of this order to the Defendant.

**IT IS SO ORDERED.**

**DATED:** 9/28/2015          *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**